UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SWINOMISH INDIAN TRIBAL COMMUNITY,<br><br>Plaintiff,<br><br>v.<br><br>ARMY CORPS OF ENGINEERS, et al.,<br><br>Defendants. | Case No. 2:18-CV-598-RSL<br><br>ORDER GRANTING MOTION TO INTERVENE BY TAYLOR SHELLISH COMPANY, INC. |

This matter comes before the Court on Taylor Shellfish Company, Inc.'s ("Taylor Shellfish") motion to intervene. Dkt. #19.

## I. BACKGROUND

Taylor Shellfish is a company that grows shellfish in Washington State. Dkt. #19 at 1. In 2007, the U.S. Army Corps of Engineers ("Army Corps") issued Nationwide Permit ("NWP") 48, which authorized certain activities necessary for the continued operation of existing commercial aquaculture farms, like those controlled by Taylor Shellfish. Id. at 2. NWP 48 is a general type of permit that authorizes these operations without requiring an application for an individual permit. Id. It was reissued in 2012 and 2017, extending authorization to both existing and certain new commercial aquaculture activities. Id. In 2016, the Seattle District of the Army Corps ("Seattle District") completed a programmatic Endangered Species Act ("ESA") and Magnuson-Stevens Fishery Management and Conservation Act consultation with the West

ORDER GRANTING MOTION TO INTERVENE - 1

Coast Region of the National Marine Fisheries Services ("NMFS") and the U.S. Fish and Wildlife Service Washington Office ("Programmatic Consultation"). Id. This covered certain shellfish activities in North Puget Sound. Id. NMFS issued a biological opinion in this regard, finding that the shellfish activities did not jeopardize the survival and recovery of certain species, and establishing a "take limit" on the allowable amount of harm to eelgrass. Id. at 3; Dkt. #1 at 3. Taylor Shellfish has received letters from the Seattle District stating that certain of the company's shellfish beds in North Puget Sound are authorized by NWP 48 and covered by the Programmatic Consultation. Some contain native eelgrass, and some are fallow. Id.

Plaintiff Swinomish Indian Tribal Community ("the Swinomish Tribe") filed a complaint for declaratory and vacatur relief on April 24, 2018, challenging the Army Corps' NWP 48. Dkt. #1. Plaintiff alleges that the Army Corps has committed violations of the Clean Water Act and the National Environmental Policy Act. It also challenges the biological opinion issued by the NMFS pursuant to its Programmatic Consultation. Id. at 16-29. Among the relief it requests is the vacating of NWP 48 as applied to native eelgrass beds and fallow areas with native eelgrass beds, and the vacating of the NMFS's biological opinion. Id. at 29-30.

## II.   DISCUSSION

Taylor Shellfish asserts that it is entitled to intervene as of right and, in the alternative, that it should be allowed to intervene permissively. Dkt. #19 at 4, 10; see Fed. R. Civ. P. 24. For the following reasons, the Court finds that Taylor Shellfish may intervene as a matter of right.

The Court analyzes a motion to intervene as of right under a four-part test. The party must demonstrate that (1) its motion is timely, (2) it has a significant protectable interest relating to the property or transaction that is the subject of the action, (3) the disposition of the action may, as a practical matter, impair or impede the party's ability to protect its interest; and (4) the existing parties may not adequately represent the party's interest. Chamness v. Bowen, 722 F.3d 1110, 1121 (9th Cir. 2013) (quoting United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th

Cir. 2004)); see Fed. R. Civ. P. 24(a). The Court construes Rule 24(a) liberally in favor of potential intervenors. Id. (quoting Arakaki v. Cayetano, 324 F.3d 1078, 1083 (9th Cir. 2003)).

First, Taylor Shellfish's motion is timely. "Courts weigh three factors in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for and length of the delay." Alisal Water Corp., 370 F.3d at 921 (quoting Cal. Dep't of Toxic Substances Control v. Commercial Realty Projects, Inc., 309 F.3d 1113, 1119 (9th Cir. 2002)). The complaint was filed on April 24, 2018, and defendants filed their answer on July 13, 2018. See Dkt. #1, #15. Taylor Shellfish filed its motion to intervene less than a month later, on August 2, 2018, prior to the Court making any substantive rulings. See Nw. Forest Res. Council v. Glickman, 82 F.3d 825, 837 (9th Cir. 1996), as amended on denial of reh'g (May 30, 1996); Citizens for Balanced Use v. Montana Wilderness Ass'n, 647 F.3d 893, 897 (9th Cir. 2011). Taylor Shellfish has also filed a proposed answer responding to Swinomish Tribe's complaint. Dkt. #19-2.

Second, Taylor Shellfish has demonstrated that it has a protectable interest relating to the property that is the subject matter of this litigation. A party satisfies this test if "(1) it asserts an interest that is protected under some law, and (2) there is a 'relationship' between its legally protected interest and the plaintiff's claims." California ex rel. Lockyer v. United States, 450 F.3d 436, 441 (9th Cir. 2006) (quoting Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998)). It is sufficient for a party to demonstrate that "it will suffer a practical impairment of its interests as a result of the pending litigation." Wilderness Soc. v. U.S. Forest Serv., 630 F.3d 1173, 1180 (9th Cir. 2011) (quoting California ex rel. Lockyer, 450 F.3d at 441).

Taylor Shellfish controls over 2,300 acres of commercial shellfish beds in North Puget Sound. Dkt. #19-1 at ¶8. The Seattle District has already issued letters verifying that certain of its beds are authorized by NWP 48 and covered by the Programmatic Consultation. Id. at ¶10. Pre-Construction Notifications ("PCN") requesting verification for the remaining beds are currently pending at the Seattle District. Id. at ¶¶ 9, 11. If Swinomish Tribe's requested relief were granted, see Dkt. #1 at 29-30, Taylor Shellfish could be required to expend significant time

ORDER GRANTING MOTION TO INTERVENE - 3

and resources in obtaining individual Army Corps permits for all its operations, or to wait until another general permit became available. It could also be required to undergo individual ESA consultations for all its operations. Id. at ¶12.

Third, the Court's disposition of this action may impede Taylor Shellfish's ability to protect its interest. "If an absentee would be substantially affected in a practical sense by the determination made in an action, he should, as a general rule, be entitled to intervene." Fed. R. Civ. P. 24 advisory committee's note to 1966 amendment. If NWP 48 and the NMFS's biological opinion pursuant to the Programmatic Consultation are vacated, as Swinomish Tribe has requested, Taylor Shellfish will be substantially affected. Dkt. #19 at 7-8. See Citizens for Balanced Use, 647 F.3d at 898 (finding that the applicant's interest in conserving and enjoying wilderness could be impaired if the plaintiff succeeded in enjoining the enforcement of certain restrictions on motorized and mechanized vehicle use in the area).

Fourth, Taylor Shellfish's interests may not be adequately represented by the existing defendants. "The burden of showing inadequacy of representation is "minimal," and satisfied if the [party] can demonstrate that representation of its interests "may be" inadequate." Citizens for Balanced Use, 647 F.3d at 898. (quoting Arakaki, 324 F.3d at 1086). The Court considers three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." Id. (quoting Arakaki, 324 F.3d at 1086). However, if the potential intervenor and an existing party share the same ultimate objective, a presumption of adequacy of representation arises. Citizens for Balanced Use, 647 F.3d at 898 (citing League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1305 (9th Cir. 1997)). To rebut the presumption, an applicant must make a "compelling showing" of inadequacy of representation. Id. (quoting Arakaki, 324 F.3d at 1086).

It is possible that defendants will not make all the arguments that would be made by Taylor Shellfish, especially given the company's extensive experience with shellfish

ORDER GRANTING MOTION TO INTERVENE - 4

aquaculture. Dkt. #19-1 at ¶¶ 3, 4. It is also possible that Taylor Shellfish's private interests will not be adequately represented by defendants, who are all government agencies, and that they may not share the same ultimate objective. Dkt. #19 at 9. "Inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public." Forest Conservation Council v. U.S. Forest Serv., 66 F.3d 1489, 1499 (9th Cir. 1995) (citation and internal quotation marks omitted), abrogated on other grounds by Wilderness Soc., 630 F.3d 1173).

For all the foregoing reasons, Taylor Shellfish's motion to intervene is GRANTED.

DATED this 6th day of February, 2019.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO INTERVENE - 5